813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Andrew A. HANDY, Plaintiff--Appellant,
v.
NATIONAL SECURITY AGENCY; William E. Odom, Director, and
his successors National Security Agency; United
States of America, Defendant--Appellees.
 No. 86-1155.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan 6, 1987.
Decided March 11, 1987.
 
 Before PHILLIPS and ERVIN, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 Bridget Read Mugane, on brief, for appellant.
 Vito Thomas Potenza, National Security Agency (Camilla A. Day; Breckinridge L. Willcox, United States Attorney; Barbara Sale, Assistant United States Attorney, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Andrew Handy appeals from the judgment of the District court entered against him in connection with his complaint of employment discrimination stated by him pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. Sec. 2000e et seq. Handy a black male, has been employed by defendant National Security Agency since 1965. He alleges that National Security Agency's failure to promote him at one or more times constituted disparate treatment and that, in addition, all or part of such disparate treatment was visited upon him for retaliation for assertion of his claims within the EEO process and the subsequent assertion of his Title VII claims. Handy's complaint was tried in the District Court. After the District Court had heard evidence in the case, the District Court filed a Memorandum Opinion setting forth factual findings and conclusions of law in a detailed, specific manner. In that Memorandum Opinion, the District Court concluded, after reviewing all of the evidence, that plaintiff was not selected for promotion because other similarly situated persons were appropriately determined to be better qualified for promotion than plaintiff and that there was no causal connection between plaintiff's race and the failure to promote him in the manner which plaintiff desired. Although Handy demonstrated a prima facie case of racial discrimination, the National Security Agency came forward with a nondiscriminatory reason for its actions in promoting others ahead of Handy. See Texas Department of Community Affairs v, Burdine, 450 U.S. 248, 254 (1981). The District Court properly found that Handy failed to show that the National Security Agency's proferred reason was merely pretextual. Id. at 256. Additionally, the District Court found no evidence of the alleged retaliation. Accordingly, the District Court entered judgment in favor of the defendants. Our own review of the entire record and of Judge Hargrove's Memorandum Opinion leads us to the conclusion that Judge Hargrove's findings of fact were not clearly erroneous. See Anderson v. Bessemer City, 470 U.S.--, 84 L.Ed.2d 518 (1986). Nor do we find any error of law in connection with the legal standards applied by Judge Hargrove.
 
 
 2
 Under the circumstances, we affirm the judgment below.
 
 
 3
 AFFIRMED.